# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No.: 13-30747 |
| **ROBERT VIRGINIUS PERKINS, III** | ) Chapter 7 |
| | ) |
| | ) |
| SSN: xxx-xx-4155 | ) |
| | ) |
| **Debtor(s)** | ) |

## OBJECTION TO VENUE AND MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER CASE WHERE VENUE IS PROPER

The undersigned, United States Bankruptcy Administrator for the Western District of North Carolina, a party in interest in this case, objects to venue in the Western District of North Carolina, and moves to dismiss this case for improper venue or, in the alternative, to transfer this case to a district where venue is proper.

1. On April 5, 2013, the Debtor filed a voluntary petition in the Western District of North Carolina.

2. The grounds for the Motion are pursuant 28 U.S.C. §§ 1406, 1408 and 1412 and F.R.B.P. 1014.

3. Pursuant to 28 U.S.C. § 1406(a) "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer, such case to any district or division in which it could have been brought."

4. For a case to have proper venue, 28 U.S.C. § 1408(a) requires that the debtor must establish that within 180 days preceding the filing of the case the following:

    a. the district is the debtor's domicile;

    b. the district is the debtor's residence;

    c. the district is the location of the debtor's principal place of business; or

    d. the district is the location of the debtor's principal assets.

5. Venue is also proper in a district in which there is a pending case under title 11 concerning such person's affiliate, general partner or partnership. 28 U.S.C. § 1408(2).

6. Based upon the information contained in the Debtor's petition and documents filed with the petition, the proper district for the Debtor's case to be adjudicated is the Middle District of North Carolina. In the present case, none of the requirements of 28 U.S.C. § 1408 can be met in the Western District of North Carolina. The basis for venue in a bankruptcy proceeding is determined by the specific statutory requirements of 28 U.S.C. § 1408, and the Debtor does not have the option to choose a district in which there is not even a reasonable assertion that any of the criteria set forth in 28 U.S.C. § 1408 are met. In re Townsend, 84 B.R. 764 at 766 (Bankr. N.D.FL. 1988).

7. Once the court has determined that venue is improper, the court must determine whether transfer, under 28 U.S.C. § 1412, or dismissal, under Bankruptcy Rule 1014(a)(2), is proper. In re: Talfan, 312 B.R. 588 at 591 (Bankr. N.D.W.V. 2004). Bankruptcy Rule 1014(a)(2) states the following:

> *Cases Filed in Improper District. If a petition is filed in an improper district, the court, on the timely motion of a party in interest or its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may dismiss the case or transfer it to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.*

   If venue of the case is improper, the court cannot retain the case. Micci v. Bank of New Haven, 188 B.R. 697 (Bankr. S.D.FL. 1995), *See also*, In re: Spartan Holding Co., Inc., 11-02355-8-RDD (Bankr. EDNC 2011), *and*, In re: Lakota Canyon Ranch Development, LLC, 11-03739-8-RDD (Bankr. EDNC 2011).[1] In the present case, the court has only two options, neither of which is retention.

8. The Sixth Circuit Court of Appeals has also held that, "the venue requirements of 28 U.S.C. § 1408 are mandatory, not optional." Thompson v. Greenwood, 507 F.3d 416, 424 (6th Cir. 2007).

9. In the case, In re Columbia Western, Inc., the Massachusetts District Court ruled that even if creditor consent were grounds to retain an improperly venued case, it did not exist where the United States Trustee moved to dismiss or transfer the case to a proper venue, in spite of some creditor consent. "This Court need not consider this first argument, because the consent suggested by the Debtor is not present. Pursuant to 11 U.S.C. §307, the United States is a party in interest in the case and he does not consent." In re Columbia Western, Inc., 183 B.R. 660, 663 (D. Mass. 1995).

   a. In Columbia, the debtor argued that the Court had the discretion to retain a case with improper venue. The Court stated that "[p]ermitting a court of improper

---

[1] Retention of the case by the court was once an option, but the Bankruptcy Rules were amended in 1987 to remove the language regarding retention of venue. Townsend, at 766.

    venue to make a decision to retain the case, improperly substitutes the judgment of one court for another and encourages forum shopping." Id at 665.

  b. Further, the Townsend Court did not find the convenience of the parties to be a controlling factor and stated the following:

> *. . .the Court does not find any justification or support for a permissive rule which allows the debtor to altogether bypass 28 U.S.C § 1408 and forum shop between adjacent districts on the basis of convenience of the parties. In cases where convenience is an overriding concern, the debtor should file in the proper district and then move to transfer the case pursuant to 28 U.S.C. § 1412.* Id at 768.

10. According to the Debtor's petition, there are no pending related or affiliated bankruptcy cases in the Western District of North Carolina or in any other district.

11. According to the Debtor's petition:

  a. The Debtor's street address is 201 North Elm Street, Unit 906, Greensboro, North Carolina.

  b. The Debtor's County of Residence is Guilford.

  c. According to Exhibit D filed as part of the Debtor's petition, the Debtor asserts he "has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District." Upon information and belief, this statement is untrue.

  d. According to the Continuation Sheet of the petition, all other names used by the Debtor is the last eight years are

    i. D/B/A NAI Piedmont Triad Commercial Prop [*sic*]

    ii. Member CDHP, LLC

    iii. Member Greenlea 68 Land, LLC

    iv. Member Greensboro Centers, LLC

    v. Member NC 68 Land

    vi. Member Pooler Partners, LLC

    vii. Member Shamrock Capital Partners, LLC

        viii.    Member LJS Acquisition Company, LLC

        ix.    Officer Piedmont Triad Commercial Proper [*sic*]

  e.    According to the North Carolina Department of the Secretary of State's ("Secretary of State") website, all but one of the other names used by the Debtor in the last eight years are located in Greensboro, North Carolina.

12.    According to the Debtor's schedules:

  a.    As of the filing of this Motion, the Debtor has not filed Schedules A, B, C, G, H, I and J.

  b.    Schedule D lists secured creditors who have claims on property located at the following:

        i.    1612 St. Andrews Road, Greensboro, North Carolina

        ii.    1610 St. Andrews Road, Greensboro, North Carolina

        iii.    201 North Elm Street, Unit 906, Greensboro, North Carolina

  c.    Schedule E lists the following Domestic Support Obligations: Carol Perkins, Guilford County, North Carolina District Court Domestic Action file #12-CVD-5688. Post Separation Support-$84,902.00, which is listed as disputed.

  d.    Schedule F includes forty unsecured claimants, over half of which appear to be located in the Middle District of North Carolina.

13.    Moreover, this Motion should be granted to preserve systemic integrity. The United States Bankruptcy Courts of North Carolina are divided into three separate judicial districts. The Debtor has no plausible connection to this district as outlined in 28 U.S.C.§ 1408. The Debtor should have filed its case in the district where proper venue can be established. Filing its case in the Western District of North Carolina where there is no basis for venue is akin to forum shopping.

Wherefore, the undersigned objects to venue in the Western District of North Carolina, requests that the *Objection to Venue and Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Case Where Venue is Proper* be granted, and for such other and further relief as this Court deems just and proper.

April 15, 2013.

/s/  Linda W. Simpson
Linda W. Simpson
United States Bankruptcy Administrator
402 W. Trade Street, Suite 200
Charlotte, NC 28202-1669
N.C. Bar #12596
Tel: 704-350-7590   Fax: 704-344-6666
Linda_Simpson@ncwba.uscourts.gov

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No.:   13-30747 |
| **ROBERT VIRGINIUS PERKINS, III** | ) Chapter 7 |
| | ) |
| SSN: xxx-xx-4155 | ) |
| | ) |
| **Debtor(s)** | ) |

## CERTIFICATE OF SERVICE

The undersigned certifies that the pleading(s) or papers(s) to which this Certificate is affixed was served upon the party(s) to this action listed below by depositing a copy of the same, enclosed in a first-class postpaid, properly addressed wrapper, in a Post Office or official depository under the exclusive care and custody of the United States Postal Service and/or by means of the Electronic Filing System of the Bankruptcy Court on or before April 15, 2013.

Robert Virginius Perkins, III
201 North Elm Street, Unit 906
Greensboro, NC 27401

David R. Badger
-*Served Electronically*

Wayne Sigmon
-*Served Electronically*

/s/  Linda W. Simpson
Linda W. Simpson
United States Bankruptcy Administrator
402 W. Trade Street, Suite 200
Charlotte, NC 28202-1669
N.C. Bar #12596
Tel: 704-350-7590   Fax: 704-344-6666
Linda_Simpson@ncwba.uscourts.gov