FILED & JUDGMENT ENTERED
Steven T. Salata

May  09  2013

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 13-30747 |
| ROBERT VIRGINIUS PERKINS, III,   ) | Chapter 7 |
| ) | |
| Debtor.   ) | |
| ) | |

**ORDER GRANTING MOTION TO TRANSFER CASE TO PROPER VENUE**

This matter is before the Court on an Objection to Venue and Motion to Dismiss Bankruptcy Case for Improper Venue or, in the Alternative, to Transfer Case to Where Venue is Proper ("Motion"), filed by the Bankruptcy Administrator's Office ("Bankruptcy Administrator") on April 15, 2013. The Debtor, Robert Virginius Perkins, III ("Perkins"), has objected to that Motion. After being contacted by the Bankruptcy Administrator's office, on April 29, 2013, Carol Perkins, the Debtor's ex-wife and putative creditor,[1] joined the Motion. However, she did not appear at the hearing held on May 1, 2013.

After consideration of the stipulated facts, the record and the parties' arguments, the Court makes the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

Perkins filed a Chapter 7 case in the Charlotte Division of this federal judicial district on April 5, 2013. Admittedly, the bankruptcy case was improperly venued. Perkins lives and conducts his commercial real estate business in Guilford County. Further, Perkins is a member of at least seven business entities, all of which are located in Greensboro, North Carolina. Perkins serves as the mayor of Greensboro, North Carolina. All or substantially all of Perkins'

---

[1] The Debtor's schedules list Carol Perkins as holding a disputed unsecured claim for support in the amount of $84,902.

assets are located in the Middle District of North Carolina. According to Perkins' bankruptcy schedules, over half of his creditors are located in the Middle District of North Carolina. Perkins is also involved in a state court domestic action in the Middle District of North Carolina with his ex-wife. The only connection Perkins has to the Western District of North Carolina is his attorney, who has his office in Charlotte and practices in this judicial district.

Because venue is improper in the Western District, the Bankruptcy Administrator argues that Perkins' case must either be dismissed or transferred to the Middle District.  Perkins disagrees. The venue statutes and rule use the word "may," suggesting that the Court has discretion. According to Perkins, this Court may choose not to transfer or dismiss his case but instead retain it, in the interests of justice and for the convenience of the parties. At the hearing, Perkins attempted to justify his decision to file in the Western District based on a personal acquaintance with the Middle District bankruptcy judges[2] and the Bankruptcy Administrator in that district.

## CONCLUSIONS OF LAW

Section 1406(a) of Title 28 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Section 1408 of the same Title describes where venue is proper: a) in the district where the debtor is domiciled, b) where she resides, c) where she has her principal place of business, or d) where her principal assets are located.

Section 1412 of Title 28 states, "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."

Finally, F.R.B.P. 1014(a)(2), the Bankruptcy Rule that implements the aforementioned statutes, provides:

> "If a petition is filed in an improper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may dismiss the case or transfer it to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties."

The majority view is that an improperly venued case cannot be retained if a party in interest files a motion requesting a change in venue.  As the Sixth Circuit Court of Appeals opined in Thompson v. Greenwood, 507 F.3d 416, 424 (6th Cir. 2007), "the venue requirements

---

[2] Actually Perkins testified that he is acquainted with two of the three judges. However, the third is retiring in July and his replacement likely will not be sworn in until the end of the year.

of 28 U.S.C. § 1408 are mandatory, not optional." For decades, this judicial district has generally[3] hewed to the majority view: If venue is improper, and if a timely objection is lodged by a party in interest, the bankruptcy case must be dismissed or transferred to a proper judicial district.

Perkins has no meaningful connections in the Western District of North Carolina. Venue is improper, and the Bankruptcy Administrator's Motion was timely. Traditionally, this Court and the Bankruptcy Administrator have not initiated such objections. However, there is no question that the Bankruptcy Administrator is a "party in interest" under Section 307 and has the ability to invoke the aforementioned venue provisions. Perkins' case must be transferred to the proper venue: the Middle District of North Carolina.

Perkins' alleged conflicts of interest with Middle District Court officials are of no significance to the matter of case venue. Whether a conflict of interest exists is a question to be decided in the court where venue is proper, not in one where it is improper. Should the bankruptcy judges in the Middle District conclude that due to Perkins' affiliations this case should be heard in a different district, they are at liberty to re-transfer it to this District.

ACCORDINGLY, the Objection to Venue and Motion to Dismiss Bankruptcy Case for Improper Venue or, in the Alternative, to Transfer Case to Where Venue is Proper is GRANTED, and the case is transferred to the Middle District of North Carolina.

| | |
|---|---|
| **This Order has been signed electronically. The judge's Signature and court's seal Appear at the top of the Order.** | **United States Bankruptcy Court** |

---

[3] The undersigned recently apprised that Judge Hodges ruled otherwise in the In re Halcom decision, 97-31660 (Bankr. W.D.N.C. 1997). This unpublished decision appears to be a "flyer."